Argued and submitted October 9, 2000, judgment vacated; court rulings on
defendant's petition for attorney fees and costs and ORCP 17 motion for
sanction affirmed August 1, 2001

Majie M. BOND,
*Respondent,*

*v.*

Carlos PEREIRA-GIRON,
*Appellant.*

C990488CV; A107621

29 P3d 623

Clayton H. Morrison argued the cause for appellant. With him on the briefs was Clayton Huntley Morrison.

Jack Oswald argued the cause for respondent. With him on the brief were Virginia G. Mitchell and Oswald & Mitchell.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals from a judgment for plaintiff on an arbitration award. He makes four assignments of error. He argues that the trial court erred by denying his motion to set aside the judgment, by denying his request for attorney fees and costs, by denying his ORCP 17 motion for sanctions, and by awarding costs from the arbitration to plaintiff. We vacate the judgment but otherwise affirm the trial court's disputed rulings.

Defendant and plaintiff entered into a written contract under which plaintiff agreed to provide legal services to defendant. The contract provided that the prevailing party would recover attorney costs and fees in any dispute over the cost of the services. A dispute later arose between the parties over the amount due plaintiff under the contract. Plaintiff petitioned the Oregon State Bar (OSB) to arbitrate that dispute and hired an attorney to represent her in the arbitration. Defendant agreed to the arbitration, and both defendant and plaintiff agreed to be bound by the OSB fee arbitration rules.

The arbitration panel ultimately awarded plaintiff $2,455 in attorney fees, which was 72% of the fee that she had sought from defendant. Plaintiff then moved for an award of attorney fees, costs, and disbursements. The arbitration panel denied her motion, stating that

"Rule 6.5 of the OSB Rules for Arbitration of Fee Disputes specifically provides that, although any party may be represented by counsel at the hearing, they do so 'at his or her own expense.' The arbitrators, therefore, have no authority to award fees and costs to [plaintiff]."

The next day, the OSB General Counsel served both parties with the arbitration agreement and award. On April 14, defendant sent plaintiff a check for the amount of the arbitration award, authorizing plaintiff to negotiate the check after executing a satisfaction of the award.

Nine days later, on April 23, 1999, plaintiff filed the arbitration award in Washington County Circuit Court without serving a copy of the filing on defendant. On May 19,

1999, she submitted to the court and served on defendant a motion for attorney fees, costs, and disbursements; an affidavit of her attorney; a statement of costs and disbursements; and a proposed judgment. The costs that plaintiff sought were for expert witness fees from the arbitration hearing, postage, and photocopying, which totaled $633.86. On May 24, 1999, the trial court entered a judgment for plaintiff on the arbitration award for $2,455, together with $633.86 in costs and $2,430 in attorney fees. Plaintiff then deposited defendant's check in her attorney's client trust account without executing the satisfaction of the arbitration award.

Defendant filed an objection to plaintiff's motion for attorney fees, costs, and disbursements and moved to set aside the judgment. He also asked the court to award him attorney fees and costs in the trial court proceeding and to impose sanctions against plaintiff under ORCP 17. The trial court ultimately vacated the award of attorney fees, stating that it would "enforce the arbitrator's ruling" and that the judgment would "go back to being a judgment for the original amount awarded by the arbitrators." It explained that it had not received the arbitration panel's decision when it entered the judgment because of filing problems at the court and that, as a result, the judgment was premature. Both parties believed that the trial court intended to vacate the award of costs and attorney fees in the judgment. However, the trial court's modified judgment included the $633.86 in costs as well as the arbitration award of $2,455. The court also denied defendant's ORCP 17 motion for sanctions.

Defendant again asked plaintiff to complete and return the satisfaction of the arbitration award, and plaintiff did so. However, the satisfaction by its terms does not refer to the judgment for costs. Plaintiff also sent defendant a letter that stated that she did not intend to collect the costs that were awarded in the judgment and that she would execute a satisfaction of the judgment if asked. Defendant subsequently appealed from the judgment.

■ Defendant argues that the trial court erred by not setting aside the first judgment and by awarding plaintiff costs. Plaintiff argues that defendant has already received

the remedy that he seeks on those two assignments of error, making those assignments moot. Plaintiff is mistaken. Defendant sought to vacate the judgment on a number of grounds, including grounds that, if well taken, would preclude the entry of any judgment. Consequently, the court's decision to vacate only a portion of the judgment does not render defendant's motion to vacate moot. Plaintiff's offer to execute a satisfaction of the judgment does not change that conclusion. The judgment has not been satisfied, so it continues to be a lien against defendant's property and to be subject to execution. Until the judgment is vacated or plaintiff executes and files or delivers to defendant a satisfaction of the judgment, the assignments of error that challenge all or a portion of the relief awarded plaintiff in the judgment are not moot.[1]

■■    As to the merits of the first two assignments of error, plaintiff and defendant agree (1) that the court erred in failing to vacate the award of costs that was included in the original judgment and (2) that plaintiff had received from defendant the full amount properly due under the judgment before the court had ruled on defendant's motion to vacate. Under those circumstances, we conclude that the court erred in failing to vacate the judgment. ORCP 71 B(1)(e) authorizes a court to relieve a party from a judgment if the judgment has been satisfied. Given the parties' agreement to the above two propositions, it follows that defendant was entitled to have the judgment vacated or satisfied as of the date on which the court modified the judgment. We therefore vacate the judgment.

■    Defendant also assigns error to the denial of his request for an award of attorney fees and costs in responding to plaintiff's effort to obtain a judgment on the arbitration award. Defendant did not comply with the requirement in ORCP 68 C(4) that he serve and file within 14 days of the

---

[1] The document that plaintiff signed to memorialize the satisfaction of the OSB arbitration award does not meet the statutory requirements for a document to memorialize a satisfaction of the trial court judgment. *Cf.* ORS 18.400(2) (describing form of such a document). Consequently, it is unclear whether defendant could file or use the document to have the trial court clerk enter a notation to reflect a satisfaction of any portion of the judgment. *Cf. id.* (describing manner of noting satisfaction). Even if the document that plaintiff signed could be used for that purpose, it would not affect the award of costs in the judgment, because the costs were awarded in addition to the amount awarded in the OSB arbitration award.

entry of the judgment "a signed and detailed statement of the amount of attorney fees or costs and disbursements" sought by him. He argues that he did not have to do that, because the 14-day period in which to serve and file the statement will run from the entry of a judgment on remand rather than from the entry of the judgment from which he appeals. Defendant is mistaken. To the extent that defendant complains on appeal about a past denial of an award of attorney fees and costs, that denial necessarily relates to an existing rather than a prospective judgment. Because defendant did not comply with ORCP 68 C(4), the trial court did not err in denying his request for attorney fees and costs.

■    Finally, defendant assigns error to the denial of his ORCP 17 motion for sanctions. Plaintiff argues that the denial is not reviewable because the trial court did not enter a written order on it. Plaintiff is mistaken. The court's oral ruling did not have to be reduced to writing to be reviewable. *See* ORS 19.425 (appellate court can review intermediate orders affecting judgment). On the merits, we reject the assignment of error without further discussion.

Judgment vacated; court rulings on defendant's petition for attorney fees and costs and ORCP 17 motion for sanctions affirmed.